[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
BY THE DIVISION
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford-New Britain at Hartford. Docket Numbers CR14-319415(52793) and CR14-319416(52794).
Jon L. Schoenhorn, Esq. Defense Counsel for Petitioner.
Christopher Morano, Esq. Asst. State's Atty. for the State.
The petitioner was tried by a jury for two homicides in one trial. The petitioner was convicted of Felony Murder for one homicide and Accessory to Murder for the other. The court imposed a sentence of 25 years to life on each to be served consecutively one to the other for a total effective sentence of not less than 50 years incarceration nor more than life.
The record reflects in Docket No. 52794 that on April 16/17, 1981 Hartford Police responded to 138 Evergreen Avenue, Hartford, wherein one Donald Gore was found in his van suffering from a gunshot wound which pierced his heart and lung, injuries which proved fatal. Evidence at trial reflected that the petitioner had planned with another to rob the victim and during the course of the robbery the victim was fatally shot. The defendant was convicted of Felony Murder relevant to this information.
The record reflects in Docket No. 52793 that on May 15, 1981, Hartford Police found the body of one Henry Rice Lipman lying inside of the trunk of a vehicle. Investigation implicated the petitioner and a co-defendant. The petitioner was convicted of Accessory to Murder relevant to this information.
Counsel for petitioner commented in his remarks that the jury relevant to each homicide acquitted the petitioner of intentional murder. Counsel emphasized that petitioner's hand did not cause the death of either individual and that the maximum penalty, as was imposed here, should be reserved for the actual perpetrator — the one who committed the deed. Therefore, counsel noted, the petitioner should be given a sentence less than the maximum.
Counsel for the State indicated that the legislature intended that one in the circumstances of the petitioner be equally culpable with the actual perpetrator. Counsel referred CT Page 7919 the Division to the sentencing comments of the Gore family and stressed the lengthy criminal history of the petitioner.
In reviewing the remarks of the sentencing court the court considered the past record of criminal activity of the petitioner that includes violence. The court also considered the lack of remorse of the petitioner for the taking of two lives. The court indicated that in reviewing the petitioner's history there is no reason to believe that petitioner's "life will change from the violence in which you lived it." The court also commented that the public must be protected from the violence perpetrated by the petitioner.
The Review Division is without authority to modify sentences except in accordance with the provisions of Practice Book 942 and Conn. Gen. Stat. 51-194 et seq.
Upon reviewing the record as a whole, this Division finds that the sentencing court's actions were in accordance with the perameters of Practice Book 942. The sentence imposed was neither inappropriate or disproportionate.
The sentence is affirmed.
Purtill, J.
Klaczak, J.
Miano, J.
Purtill, J., Klaczak, J. and Miano, J. participated in this decision.